119 N.J. Super. 297 (1972)
291 A.2d 377
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS BUCHAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 15, 1972.
Decided May 25, 1972.
Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. George L. Pauk, attorney for appellant.
Mr. George F. Kugler, Jr., Attorney General, attorney for respondent (Mr. Fred H. Kumpf, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was accused of larceny of a scale worth under $200, in violation of N.J.S.A. 2A:119-2. After *298 a preliminary hearing in Marlboro Township Municipal Court (Monmouth County), defendant waived indictment and trial by jury. Thereafter he was convicted of attempted larceny in municipal court and fined $50 plus $15 court costs. He thereupon appealed his conviction to the Monmouth County Court. The County Court judge dismissed the appeal, finding the County Court to be without jurisdiction. The County Court judge found that the proper forum for the appeal from municipal court, where the defendant waived indictment and a trial by jury, to be the Appellate Division of the Superior Court. The matter is presently before us on direct appeal. We reverse.
All appeals from judgments of conviction in a court of limited jurisdiction are to be taken to the County Court, R. 3:23-2, unless leave to appeal to the Appellate Division is granted under the provisions of R. 2:2-3(b). See State v. Yaccarino, 3 N.J. 291 (1949). The only restriction contained in our practice related to such appeals where the conviction is for an indictable offense is that the appeal shall not operate as a consent for the complaint to be amended to charge an indictable offense. R. 3:23-8(c).
We acknowledge with appreciation the objective and careful presentation of this matter by the Attorney General.
Reversed and remanded to Monmouth County Court for a trial de novo on the record.