STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
MICHAEL BARTEK, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 10, 1974—Decided July 3, 1974.

212

Before Judges HANDLER, MEANOR and KOLE.

*Mr. Paul Colvin* argued the cause for appellant.

*Mr. Richard J. Engelhardt,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, and *Mr. George F. Kugler, Jr.,* former Attorney General of New Jersey, attorneys; *Mr. Mart Vaarsi,* Deputy Attorney General, of counsel).

PER CURIAM. Defendant was convicted in the Mine Hill Municipal Court of two charges of parking a vehicle within an intersection, in violation of *N. J. S. A.* 39:4–138(a), and one charge of obstructing traffic, in violation of *N. J. S. A.* 39:4–67. The total of the fines imposed for the three offenses was $15. On a *de novo* appeal on the record to the Morris County Court he was again found guilty of these of-

fenses and the same penalties were imposed. The latter judgment is the subject of this appeal.

The police had charged defendant with nine summonses for violation of a local ordinance involving parking, as well as 34 summonses for violations of the two traffic statute provisions hereinbefore referred to. Since the municipal court judge deemed it unnecessary to issue that number of charges, he only found guilt with respect to the three issued on the first date and dismissed those remaining.

Defendant owns a store on the corner of Route 46 and Randall Avenue in the Township of Mine Hill. The lot is triangular in shape, with the intersection of Route 46 and Randall Avenue forming an acute angle rather than a right angle. The defendant has a store on this property from which he apparently sells appliances. He parks cars and small panel trucks in the area adjacent to the store on this triangular piece of property.

The basic issue before the courts below was whether such parking was lawful. This, in turn, as presented by the parties below, required a determination of whether the municipality had a prescriptive easement for a highway or street over the part of defendant's property on which the vehicles were parked. If that easement were found to exist, the question of whether the statutory provisions had been violated had to be resolved. On both issues, of course, the courts had to find that the State proved its case beyond a reasonable doubt. *State v. Johnson,* 42 *N. J.* 146 (1964); *State v. Brown,* 22 *N. J.* 405 (1956); *Kearney v. Modern Transportation Co.,* 116 *N. J. Super.* 526, 529–530 (App. Div. 1971).

The county court, on its *de novo* review, found, as did the municipal court, against defendant on both issues. It is in this setting that we have the case for review.

Both statutes appear to require proof that the owner permitted his vehicle to occupy what is in fact a street or highway. See definitions of "street" and "intersection" in *N. J. S. A.* 39:1–1. The latter section also defines "highway" as

"the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." The evidence in the record amply supports the following findings, which the County Court expressly or by inference made (see *State v. Johnson, supra* at 42 *N. J.* 157, 171) : (1) the area involved was paved and maintained by the municipality; (2) vehicles, in turning from Route 46 into Randall Avenue, in fact crossed over that area; (3) this was a hazardous turn if the area were not so used, and (4) a public danger was created by defendant's parking of cars therein. We pass the question of whether such evidence and findings may not suffice to predicate violations of the statutes involved, without the necessity of determining the prescriptive easement issue. The latter matter, as hereinafter discussed, might well have awaited a more appropriate proceeding. *Cf. State v. Sisti,* 62 *N. J. Super.* 84 (App. Div. 1960) ; *State v. Gillespie,* 100 *N. J. Super.* 71 (App. Div. 1967), certif. den. 51 *N. J.* 274 (1968) ; *City of Seattle v. Wright,* 72 Wash. 2d 556, 433 *P.* 2d 906, 908 (Sup. Ct. Wash. 1967) ; *State v. O'Connor,* 76 *N. J. Super.* 246 (Cty. Ct. 1962) ; *State v. Valeriani,* 101 *N. J. Super.* 396 (App. Div. 1968). See Annotation, "Application of regulations or rules governing vehicular traffic to driveways or other places not legal highways," 80 *A. L. R.* 469, 470 (1932) ; Annotation, "Applicability of criminal 'hit-and run' statute to accidents occurring on private property," 77 *A. L. R.* 2d 1171 (1961). See also, *Tubular Service Corp. v. State Highway Dept. Comm'r,* 77 *N. J. Super.* 556, 564 (App. Div. 1963), aff'd 40 *N. J.* 331 (1963). *Cf. State v. Young,* 95 *N. J. Super.* 535 (Cty. Ct. 1967).

We thus approach the issues as they were presented below.

The County Court, using the appropriate standard of *de novo* review on the record (*State v. Johnson, supra* at 157) found, beyond a reasonable doubt, that at least since January 1936 the area on which the vehicles were parked had been paved and maintained by the township and used

by the public as a street; that a prescriptive highway or street easement over defendant's property in favor of the public had been established; that it was of no moment that the deed of June 26, 1970 to defendant and his wife of the entire premises did not recite that it was subject to any prescriptive street easement in favor of the public, since at that time "it was certainly obvious or should have been obvious" to the purchaser that the area involved was paved and part of a public highway, and that defendant's parking of his vehicles in the area violated the statutory provisions involved.[1]

We are satisfied, considering the scope of our review, that there was adequate evidence before that court to justify its findings. *State v. Johnson, supra* at 158–162. We affirm essentially for the reasons set forth by that court. The proofs warranted *its* conclusion, based on the facts and the law, that the prescriptive easement claimed over defendant's property for a public way, street or highway had been established for the purpose of these proceedings. See *Lower Tp. v. Reeves,* 14 *N. J. Super.* 180 (Ch. Div. 1951); *Campbell Stores v. Hoboken,* 115 *N. J. Eq.* 159 (E. & A. 1933); *Dickinson v. D. L. & W. R. R. Co.,* 87 *N. J. L.* 264 (E. & A. 1915); *Riverside v. Penn R. R. Co.,* 74 *N. J. L.* 476 (E. & A. 1907); *Spiegle v. Beach Haven,* 116 *N. J. Super.* 148 (App. Div. 1971); *Stallone v. Schiavonne Bonomo Corp.,*

---

[1]The municipal court had before it Exhibit S–10, a 1916 state highway map, about which Mr. Ahlers, the township engineer testified. It showed, he said, the edge of a traveled way about ten feet from the porch on defendant's store. The portion of defendant's property beyond ten feet from the porch was found by the municipal court to be subject to the easement. The 1916 map was not available to the County Court and it did not rely thereon. Nevertheless, Ahlers, age 73, testified that from his own observations he recalled the area as being a public or traveled way from 1916; and that since 1936, when he became township engineer, it was constantly used by the public as a traveled way. There was also evidence that prior owners of defendant's property had used the rear thereof to park. The County Court did not determine the actual extent or size of the easement.

103 *N. J. Super.* 170 (App. Div. 1968), certif. den. 53 *N. J.* 226 (1969); *Parsippany-Troy Hills Tp. v. Bowman,* 3 *N. J.* 97, 104 (1949).

Defendant contends that the municipal court, being a statutory court of strictly limited jurisdiction, had no authority to determine the existence of the easement. We disagree.

That court has jurisdiction to hear and decide motor vehicle and traffic law violations, such as those here involved. *N. J. S. A* 2A:8–21; *State v. Ahrens,* 25 *N. J. Super.* 201 (App. Div. 1953). It obviously has no authority to entertain an action the basic purpose of which is to obtain a determination of title to real property or the existence of a lesser interest therein, such as an easement in favor of the public by way of dedication or prescriptive right. But having primary jurisdiction over the motor vehicle offenses, it has the ancillary power to hear and determine all subsidiary issues that arise in order properly to adjudicate guilt or innocence of such charges. The municipal court, just as any other court, has ancillary jurisdiction to resolve questions incidental to the exercise of its primary jurisdiction. Where, as here, the latter requires that it determine an issue relating to title to real property, it may do so. See 20 *Am. Jur.* 2d, Courts, § 100 at 460; *In re Van Winkle,* 3 *N. J.* 348, 360 (1950); *Linder v. Linder,* 126 *N. J. Super.* 466 (App. Div. 1974); *State v. Monroe,* 30 *N. J.* 160 (1959); *Hewitt v. Hollahan,* 56 *N. J. Super.* 372, 378 (App. Div. 1959); *Stallone v. Schiavonne-Bonomo Corp., supra; State v. Wouters,* 71 *N. J. Super.* 479, 488 (App. Div. 1962). *Cf. Lay Fac. Ass'n v. Newark Archdiocese,* 122 *N. J. Super.* 260, 269 (App. Div. 1973).

Thus, we have no doubt as to the jurisdiction of the municipal court to have determined the existence of the prescriptive easement as an incident to its jurisdiction over the charges before it. Nevertheless, we question the desirability or efficacy of the procedure here adopted by the municipality — namely, the issuance of summonses under the

traffic laws.[2] A more appropriate vehicle would have been an action to quiet title, or to obtain a declaratory judgment as to the respective rights in the claimed easement. Incident to such action the municipality might have sought a temporary restraint against the defendant's parking of the vehicles in the disputed area pending a final hearing in view of the dangerous nature of the intersection and the danger to the public by reason of defendant's activities. See, *e. g., Brighton Const. Inc. v. L & J Enterprises, Inc.,* 121 *N. J. Super.* 152 (Ch. Div. 1972), aff'd o. b. 126 *N. J. Super.* 186 (App. Div. 1974), certif. den. 64 *N. J.* 511 (1974) ; *Spiegle v. Beach Haven, supra; R.* 4:52–2. Nor is defendant without legal recourse. He had available to him a proceeding to seek to compel the municipality to condemn the claimed easement over the area involved and, if successful, to be paid just compensation therefor. *Haycock v. Jannarone,* 99 *N. J. L.* 183 (E. & A. 1923). Since the municipality claims only an easement, the fee title in any event would remain with defendant subject to the public easement. See *Stockhold v. Jackson Tp.,* 136 *N. J. L.* 264 (E. & A. 1947) ; *State v. Cooper,* 24 *N. J.* 261 (1957).

▇ The determination of guilt as to the traffic offenses and the subsidiary issue of the prescriptive easement, under the circumstances here, is no bar to fully relitigating the latter issue in a forum where it belongs — a court having appropriate civil jurisdiction. See *Kearney v. Modern Tranportation Co., supra* 116 *N. J. Super.* at 530. Since the convictions did not involve indictable offenses, they could not be used in any such proceeding. *Evid. R.* 63 (20). Moreover, we seriously question whether principles of *res judicata* or collateral estoppel would be applicable to that civil proceeding in a case such as this, involving the issue of whether there was a taking of property for which just compensation

---

[2]We, of course, in no way fault the municipal court in this respect. Once it had jurisdiction, in a case such as this it could not refuse to exercise it. 20 *Am. Jur.* 2d Courts, § 93, p. 453.

should be awarded. See *Burd v. Sussex Mutual Ins. Co.*, 56 *N. J.* 383, 397 *et seq.* (1970). *Cf. Kugler v. Banner Pontiac-Buick, Opel, Inc.*, 120 *N. J. Super.* 572 (Ch. Div. 1972). Affirmed.