142 N.J. Super. 457 (1976)
361 A.2d 631
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STEVEN L. DAMIANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Morris County Court, Law Division.
May 6, 1976.
*459 Mr. R. Scott Rosmarin for plaintiff-respondent.
Mr. Thomas R. O'Brien for defendant-appellant (Messrs. Harper, McCoy & O'Brien, attorneys).
HELFRICH, J.C.C.
Defendant-Appellant, age 17, was adjudicated guilty in the Madison Municipal Court of violating N.J.S.A. 39:4-50(a).
Before the start of the municipal court trial, defendant moved for dismissal of the Complaint on the ground that the applicable statute was unconstitutional as it applies to offenders under the age of 19. The municipal judge declined to rule on the validity of the statute and proceeded to trial, resulting in a conviction and the suspension of driving privileges until defendant reaches the age of 21.
A notice of appeal was filed, but a stay of the sentence was not sought. Defendant brings this appeal solely on the ground that N.J.S.A. 39:4-50(a) operates to deny him equal protection of the laws under the United States and New Jersey State Constitutions. A trial de novo was specifically waived.
All appeals from municipal court are to the County Court, R. 3:23-1, except in extraordinary circumstances where leave to appeal to the Appellate Division is granted under R. 2:2-3(b). See State v. Yaccarino, 3 N.J. 291 (1949) and State v. Buchan, 119 N.J. Super. 297 (App. Div. 1972).
*460 At the municipal court trial defendant raised the defense of the unconstitutionality of the statute under R. 7: 4-2(e). That defense may only be raised by motion before trial or within ten days after verdict, or on appeal. See R. 3:23-8(d) applying R. 3:10-3.
Although defendant might have taken an interlocutory appeal to the County Court under R. 7:4-2(e) and R. 3:24, he now raises the defense on appeal, waiving review of municipal court proceedings by a trial de novo.
Because a ruling as to the constitutionality of the statute would be dispositive of the appeal (defendant having impliedly acceded to his conviction under the statute), a waiver of a trial de novo is appropriate.
The statute in question states in relevant part:
A person who operates a motor vehicle while under the influence of intoxicating liquor * * * shall be subject for the first offense, to a fine not less than $200.00 nor more than $500.00, or imprisonment for a term of not less than 30 days nor more than 3 months or both ... and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of 2 years from the date of his conviction or until he reaches the age of 21 years, whichever is the greater period of time, in the case of a person who at the time of his conviction is under the age of 21 years. [N.J.S.A. 39:4-50(a); emphasis supplied]
It is clear from the statute that persons violating it, at ages 17 or 18, are subject to revocation of driver's license for a period of four and three years, respectively, while offenders over the age of 18 will suffer forfeiture of driving privileges for only two years.
Prior to trial of this matter defendant, through his attorney, sought to have jurisdiction retained by the Juvenile Court of Morris County. The requests were denied.
While the State contends that the statute under attack is not unconstitutional, it takes the somewhat unusual position that "the statute has its problems." The State does not insist that defendant must suffer a greater disability for a violation of N.J.S.A. 39:4-50(a) than persons 19 years of age or *461 older, and urges upon this court the theory that the recent Age of Majority Act," N.J.S.A. 9:17B-1 et seq, (lowering the age of majority to 18 years), supercedes N.J.S.A. 39:4-50(a) to the extent they may be inconsistent, citing N.J. State PBA v. Morristown, 65 N.J. 160 (1974). It is the State's further allegation that such supercession results in the severance and nullification of the sentencing phrase in the statute concerning offenders under the age of 21 years, to wit; "... or until he reaches the age of 21 years, whichever is the greater period of time, in the case of a person who at the time of his conviction is under the age of 21 years." N.J.S.A. 39:4-50(a).
This Court will first turn its attention to the defense of unconstitutionality.
It is well settled that a presumption of constitutionality attends all legislation. Absent a sufficient showing to the contrary, the courts must assume that a statute under attack rests upon some rational basis within the knowledge and experience of the Legislature. Burton v. Sills, 53 N.J. 86 (1968); Fried v. Kervick, 34 N.J. 68 (1961). Inferior courts have been specifically charged to uphold an act of the Legislature "unless it so clearly conflicts with the Constitution as to leave no reasonable doubt of its defectiveness." State v. Cannarozzi 77 N.J. Super. 236 (App. Div. 1962). In State v. Smith, 58 N.J. 202 (1971), the court said:
* * * As a general proposition the courts will not interfere with the prescribed form of penalty unless it is so clearly arbitrary and without rational relation to the offense as to transgress the Federal and State constitutional prohibitions against excessive fines or cruel and unusual punishment. U.S. Const. Amend. VIII; N.J. Const. Art. I., Sec. XII. Ordinarily the Legislature is in a better position than the Courts to know the area in which an evil should be met and to make a decision as to the means of meeting it. And as we have said, the courts will not interfere with the legislative evaluation either as to the classification of offenders selected for separate treatment or as to the penalty prescribed for them, unless it is clearly constitutionally indefensible * * *
*462 The court in State v. Smith, enunciated the general test used to prove the validity of statutory criteria vis a vis the principle of equal protection.
* * * If there is some reasonable basis for the recognition of separate classes, and if the disparate treatment of the classes has a rational relation to the object sought to be achieved by the lawmakers, the Constitution is not offended. The transgression arises only when the classification rests upon grounds wholly irrelevant to achievement of the State's objective; the separate treatment must admit of but one conclusion beyond a rational doubt, i.e., that the basis therefore is arbitrary and unreasonable and without relevance to the legislative goal * * * [at 207]
The term best applied is the "rational basis" test. See also, Robson v. Rodriquez, 26 N.J. 517 (1958), and Guill v. Hoboken Mayor & Council, 21 N.J. 574 (1956).
Defendant makes numerous references, both in his brief and at argument, to the "compelling state interest" test. This strict standard is applied when a classification serves to penalize the exercise of a fundamental right and/or when the criteria used are "suspect." Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).
In Bechler v. Parsekian, 36 N.J. 242 (1961), with regard to a license to operate a motor vehicle, our Supreme Court considered as wholesome the modern trend, namely, that in today's society a license to operate an automobile may be of vital significance and value to the licensee and may not be taken away except by due process. This court can find no basis upon which age, per se, is a "suspect" classification  one which on its face indicates arbitrary distinction lacking rational basis. Our Supreme Court has suggested that it would consider a classification drawn on racial, ethnic, national or religious basis as "suspect." State v. Young, 57 N.J. 240 (1970).
As was stated in Wurtzel v. Falcey, 69 N.J. 401 (1976):
* * * To test the power to establish an age qualification by the "compelling interest" standard is really to deny a State any choice *463 at all, because no State could demonstrate a "compelling interest" in drawing the line with respect to age at one point rather than another. Oregon v. Mitchell, supra, 400 U.S. 112 at 294, 91 S.Ct. 260 at 349, 27 L.Ed.2d 272 at 379 (separate opinion of Stewart, J.) Rather, the power to establish an age requirement necessarily involves the power to choose a reasonable one, id. at 294-95, 91 S.Ct. 260 at 349, 27 L.Ed.2d at 379, which is what the State has done.
Both protection of society and protection of the individual are the obvious goals of the Legislature in setting up the penalties for drunk driving. The additional punishment for younger drunk drivers can be justified by the increased hazard of drinking and driving by those inexperienced in handling both responsibilities. The constitutional prescription for equal protection does not mean that a designated sanction must reach or be imposed upon every class of violators to which it might be applied or that the Legislature must punish or regulate all persons in precisely the same way or not at all. The Legislature has wide discretion in the creation or recognition of different classes of offenders for separate treatment. In pursuing a legitimate objective it may recognize degrees of harm or possible harm and strike at what it feels more urgently needs repression. State v. Smith, supra. This court therefore rejects defendant's attack on the constitutionality of the statute in question.
Turning next to the State's contention of "implied repeal," if defendant were 18 years of age at the time of the commission of the offense, grave questions would of necessity compel this court's definitive decision relative thereto. Since the offender herein was 17 years old at the time of the commission of the offense, the State's position loses its thrust and its vitality. However, certain comments are felt to be made necessary by the State's position in this case.
In N.J. State P.B.A. v. Morristown, supra, the Supreme Court held that the Age of Majority Act, N.J.S.A. 9:17B-1 et seq., repealed by implication the police age requirement, *464 N.J.S.A. 40A:14-127[1], thereby engendering for people between the ages of 18 and 21 years a new right to join the police forces of our State. While the court cautioned that repeals by implication are not favored and must be accompanied by a clear showing of legislative intent to effect a repeal, 65 N.J. at 164, it was clear to the court that (1) the Legislature was well aware that its enactment would lower the age for employment as a policeman, 65 N.J. at 166, and (2) N.J.S.A. 9:17B-1 specifically extended to persons 18 years of age and older the right to "`apply for and be appointed to public employment'," which included state law enforcement agencies, 65 N.J. at 168.
In the present case there is no clear showing that our Legislature intended to repeal the sentencing provision of the drunk driving law. N.J.S.A. 9:17B-1, entitled "Legislative Finding," extends to persons 18 years of age and older the basic civil and contractual rights and obligations heretofore applicable only to persons 21 years of age or older. (Emphasis supplied). There is no indication that the statute would effect the sentencing provisions of a quasi-criminal offense, an offense entitled by its very nature to a strict construction and the attachment of a panoply of constitutional restraints.
A reading of the statute identifies only two subsections whereby areas concerning criminal sanctions are affected, such areas being specifically excluded by operation of statute, to wit:

9:17B-2. Laws unaffected by act.
The Legislature by this act does not intend to:
a. Effect the release from confinement or transfer from one institution to another of a person attaining age 18 rather than 21 years;
b. Affect the right of a court to exercise its discretion in not sentencing *465 a person between 18 and 21 years of age to a State Prison; * * *.
While in the P.B.A. case the specific exceptions bore no relationship to the minimum eligible age for employment as a member of a police force, P.B.A. supra, 65 N.J. 168, here the exceptions, if not per se excluding the instant question, certainly do not exhibit a "clear showing" that our Legislature intended to affect sentencing provisions of this quasi-criminal statute.
Upon a review of the very few cases dealing with the 18 year old statute this court finds an absence of opinion concerning its application to statutes of a criminal nature, and it is thus this court's opinion that N.J.S.A. 9:17B-1 et seq. does not supercede N.J.S.A. 39:4-50(a) and thereby affects no implied revocation.
For the reasons stated above, the sentence of the court below is affirmed.
NOTES
[1] N.J.S.A. 40A:14-127. Age requirements

Except as otherwise herein provided, no persons shall be appointed as a member or officer of the police department or force in any municipality who is under 21 or over 35 years of age.