181 N.J. Super. 34 (1981)
436 A.2d 550
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ALEXANDER BARCHESKI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 6, 1981.
Decided October 9, 1981.
*36 Before Judges MATTHEWS, PRESSLER and PETRELLA.
James R. Zazzali, Attorney General of New Jersey, attorney for appellant (Michael R. Cole, Assistant Attorney General, of counsel; Howard B. Epstein, Deputy Attorney General, on the brief).
McGlynn & McGlynn, attorneys for respondent (William E. McGlynn on the brief).
PER CURIAM.
In November 1980 defendant was issued a summons for driving in a High Occupancy Vehicle (H.O.V.) lane on the Garden State Parkway without the minimum of three passengers in his car then required by N.J.A.C. 16:30-3.6. He was charged with violating N.J.S.A. 39:4-81 which provides that "[t]he driver of every vehicle ... shall obey the instructions of any official traffic control device applicable thereto...."
Prior to the commencement of trial in the municipal court, defendant moved for dismissal of the complaint pursuant to R. 7:4-2(e), contending that N.J.A.C. 16:30-3.6 was invalid. R. 7:4-2(e), in pertinent part, incorporates R. 3:10-3, making its *37 provisions applicable to the municipal court. R. 3:10-3 reads in full as follows:
The defense that the indictment or accusation fails to charge an offense and the defense that the charge is based on a statute or regulation promulgated pursuant to statute which is unconstitutional or invalid in whole or in part may only be raised by motion either before trial or within 10 days after a verdict of guilty or within such further time as the court may fix during such 10-day period, or on appeal. Such defenses shall not be considered during trial.
The municipal court judge concurred in various of defendant's specific challenges to the substantive and procedural validity of the regulation and acquitted defendant of the charge based on his conclusion that the regulation was indeed defective.
The State appealed to the Law Division pursuant to R. 3:23, and defendant countered by moving for dismissal of the appeal on double jeopardy grounds. The Law Division's denial of that motion was clearly correct. See State v. Barnes, 84 N.J. 362 (1980); State v. McKelvey, 142 N.J. Super. 259 (App.Div. 1976); Paramus v. Martin Paint, 128 N.J. Super. 138 (App.Div. 1974); State v. Damiano, 142 N.J. Super. 457 (Cty.Ct. 1976). The Law Division was, however, of the further view that the issue before it on the de novo appeal, since it implicated the validity of a regulation of a state administrative agency, was within the exclusive jurisdiction of the Appellate Division pursuant to R. 2:2-3(a)(2). Consequently, it on its own motion transferred the matter to this court under R. 1:13-4. Despite the State's argument now addressed to us in support of that transfer order, we are persuaded that the Law Division erred in its conclusion that it lacked jurisdiction over this controversy pursuant to R. 3:23. Accordingly, we remand to the Law Division for disposition on the merits.
The Law Division apparently overlooked the authority of the rules of court above cited, which expressly recognizes the right and opportunity of a defendant in a criminal or quasi-criminal matter to attack, by way of defense to the charge and *38 in the court in which the charge is pending, the validity of the regulation upon which the charge is based. We are further satisfied, contrary to the view of the Law Division, that such a collateral attack on the validity of a regulation in the context of a criminal or quasi-criminal proceeding does not convert the proceeding into an action in lieu of prerogative writs entertainable only by this court.
It is, first, axiomatic that a conviction of a criminal or quasi-criminal charge is sustainable only if the statute, regulation or ordinance upon which the charge is based is valid. Hence, a defendant has an essential and fundamental right to interpose a defense based on the invalidity of the legislative or quasi-legislative act upon which the prosecution is predicated. The notion that he cannot do so in the criminal or quasi-criminal proceeding itself constitutes a basic jurisprudential misapprehension. The analogy to the trial court's perception here would be the requirement, in a criminal prosecution in which the underlying statute is challenged as unconstitutional, that the cause be transferred to the civil calendar to be there proceeded with as a declaratory judgment action on notice to the Attorney General pursuant to R. 4:28-4(a). The mere statement of such a proposition is sufficient to demonstrate its untenability.
In short, a collateral attack on an administrative regulation by way of defense to a criminal or quasi-criminal proceeding is not, either conceptually or procedurally, the same as a direct attack by which a party takes initiating affirmative action to test the validity of the regulation. The latter is clearly an action in lieu of prerogative writs. The former, just as clearly, is not. Cf. Pascucci v. Vagott, 71 N.J. 40 (1976); Pfleger v. N.J. State Highway Dept., 104 N.J. Super. 289 (App.Div. 1968).
In the final analysis we are satisfied that the issue of whether the defense of invalidity of an administrative regulation is or is not within the Barcheski's exclusive prerogative writs jurisdiction *39 is ultimately academic. The state constitutional mandate provides that "Prerogative writs are superseded and, in lieu thereof, review, hearing and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court...." In allocating the business of the courts by way of implementing rules, the Supreme Court has, in its adoption of R. 3:10-3, expressly authorized the Superior Court, Law Division, to consider, in criminal proceedings, collateral attacks on regulations. It has also by way of R. 3:23 and R. 7:4-2(e), which incorporates R. 3:10-3, so authorized the Law Division in respect of trials de novo. Thus, even if there were the slightest doubt as to the municipal court's jurisdiction to have entertained the defense here raised, there can be absolutely no doubt as to the Law Division's jurisdiction to have done so on the de novo appeal.
In this regard, there is one further procedural and jurisdictional consideration here. We note that the municipal court has, as indeed it must, the inherent power to hear and determine those ancillary and subsidiary questions whose disposition may be essential to its adjudication of the charges pending before it. See State v. Bartek, 129 N.J. Super. 211 (App.Div. 1974). Although that power clearly includes the jurisdiction to determine the constitutionality of the statute on which the charge is based, we have held, and the Supreme Court has agreed, that ordinarily, where the constitutional question is reasonably debatable, the municipal court should not pass upon it, but rather should defer that determination to the de novo appeal. State v. Celmer, 157 N.J. Super. 242, 245-246 (App.Div. 1978), rev'd on other grounds, 80 N.J. 405 (1979). State v. Barnes, supra, 84 N.J. at 367. The same is true of a state administrative agency's regulation. Unless it is clearly in contravention of the enabling statutes, the better practice would be for the municipal court to assume its validity, leaving that question to a higher court.
*40 We remand to the Law Division for a trial de novo pursuant to R. 3:23.