620 A.2d 449

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. CARLO CASALINO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 6, 1993—Decided February 16, 1993.

Before Judges GAULKIN, STERN and BROCHIN.

*Joseph R. Mariniello,* attorney for appellant (*Mr. Mariniello* on the brief).

*James W. Holzapfel,* Ocean County Prosecutor, attorney for respondent (*Regina Gelzer,* Assistant Prosecutor, of counsel and on the letter brief).

*Robert J. Del Tufo,* Attorney General, attorney for *amicus curiae* Division of Motor Vehicles (*Mary C. Jacobson,* Senior Deputy Attorney General, of counsel; *Valerie L. Egar,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

STERN, J.A.D.

Defendant was convicted in the Dover Township Municipal Court of violating *N.J.S.A.* 39:4–81, for failing to observe a traffic signal. A fine of $50 and $20 in costs were imposed. There was no contest as to guilt on the municipal appeal, and the same monetary sanctions were imposed on trial *de novo.* In addition, the judge of the Law Division, like the municipal court judge, ordered that defendant be "retested by D.M.V." However, defendant's license was not suspended, and there is no indication that the test was to be conducted before defendant would be permitted to drive again. The decision was apparently based on defendant's age. He was 81 at the time of the hearings.

The sole contention raised before us is that "the court was without jurisdiction and/or authority to order defendant to be reexamined for driver's license." Defendant argues that there is no express statutory jurisdiction to order the reexamination,

which the Law Division judge acknowledged on trial *de novo,* and which the prosecutor does not now dispute. Defendant points to the legislative scheme which permits testing and examination only as ordered by the Division of Motor Vehicles, *see N.J.S.A.* 39:3–10; *see also N.J.S.A.* 39:3–11 (permitting the Director to impose conditions on licensure in light of an individual's physical condition).

The prosecutor responds only by stating that "appellate review of this matter is limited," and we must affirm a conviction where there is "sufficient credible evidence present in the record." While the prosecutor points to no evidence in support of that argument, we note that the complaint—summons does include defendant's date of birth, apparently taken from his driver's license. We invited the Director of Motor Vehicles to address the legal issue as *amicus,* and we have the benefit of his view that "the municipal court judge properly ordered Casalino tested."

■■ The Law Division concluded that the municipal court judge had inherent jurisdiction to enter the order for retesting. However, the municipal court is a statutory court and can exercise only the jurisdiction conveyed by statute. *See e.g., N.J.S.A.* 2A:8–19 to –25. *See also State v. Barcheski,* 181 *N.J.Super.* 34, 39, 436 *A.*2d 550 (App.Div.1981); *State v. Bartek,* 129 *N.J.Super.* 211, 217, 322 *A.*2d 826 (App.Div.1974) (noting ancillary jurisdiction where consistent with statutory authority to hear cases). Further, the Law Division cannot generally increase a sentence on trial *de novo. See e.g., State v. Pomo,* 95 *N.J.* 13, 468 *A.*2d 428 (1983); *State v. Nash,* 64 *N.J.* 464, 317 *A.*2d 689 (1974); *State v. De Bonis,* 58 *N.J.* 182, 276 *A.*2d 137 (1971).[1] Hence, we will assume for purposes of this opinion that if the municipal court could not have imposed the

---

[1] Because the issue is not raised or developed before us we do not consider whether such an order would constitute a sentence increase if initially entered in the Law Division or whether the Law Division has inherent power to enter such an order.

direction as part of its sentence, the Law Division could not have done so.[2]

■ The Director of Motor Vehicles, however, states in his *amicus* brief:

> All of the statutes are phrased in terms of the Director's authority to deny or restrict the license; however, nothing prevents a magistrate from ordering that a licensee be retested when that licensee's ability to drive has been called into question. His order is, in essence, a referral to the Division of Motor Vehicles for its action. Notably, the magistrate in ordering the retest did not revoke or suspend the license, nor did he retain any jurisdiction over the issue of appellant's fitness to drive. The court's referral was supported by the court's observations of the licensee, the testimony it heard and the prosecutor's recommendation. The Division then assumes jurisdiction over the licensing question.
>
> The Division depends on those who help to enforce its laws—police officers, judges—to aid it in keeping the highways safe. This is not, as the Superior Court judge reviewing this case said, a situation in which the municipal court judge ordered every person over a certain age to be retested. Instead, based on the judge's observations and the request of the prosecutor, the judge ordered Casalino retested. It is a common practice for municipal judges to refer those licensees they believe to pose a risk to public safety for retesting and it is absurd to suggest they have no authority to do so. Municipal judges are in an excellent position to determine whether an individual should be retested, having both an opportunity to observe that individual and hear testimony about the accident or traffic violation that brought the licensee before them. To limit a judge's discretion to order license retesting when he believes it necessary would not serve the public interest in preserving the safety of the highways. The judge's action should be sustained.

■ We believe the Director's point is well taken, provided it is understood that the judge is merely recommending that a retest be ordered, and that it is not ordered as part of the sentence itself. *See N.J.S.A.* 39:5–42 (permitting, in addition to the required report in a case involving a violation of Title 39, or any conviction involving an offense in which a "motor vehicle was used" a "recommendation[ ] which the judge ... may deem

---

[2] Defendant argues that the exclusive "penalty" for violating *N.J.S.A.* 39:4–81 is embodied in *N.J.S.A.* 39:4–104 and that section does not include retesting. However, *N.J.S.A.* 39:4–104 governs violations of Article 12, *N.J.S.A.* 39:4–95 *et seq.*, and not *N.J.S.A.* 39:4–81. *N.J.S.A.* 39:4–203, the controlling penalty provision, also has no provision for retesting.

of value to the director in determining whether action should be taken against the driving ... privilege of the driver"). However, the judicial sentence for a violation of chapter 4 of Title 39, regarding Traffic Regulation, *N.J.S.A.* 39:4-1 through -216, must itself be subject to the express provisions of *N.J.S.A.* 39:4-203 or the specific section involved. Hence the sentence which can be imposed for violating *N.J.S.A.* 39:4-81 is governed by *N.J.S.A.* 39:4-203.

We do not have to address whether a mere recommendation for retesting is violative of constitutional or statutory principles related to age discrimination or disparate treatment between those who can plead guilty through the violations bureau, *R.* 7:7, and those who appear in court to enter guilty pleas or exercise their right to trial. Defendant's single suggestion that he "would have considered the lesser monetary fine of a guilty plea" had he "been aware that the Court could order him retested," without any legal or factual support in the record for his argument, does not require initial consideration of these questions on appeal to this court.

We shall deem the judgment as intended to embody a recommendation for retesting by the Division of Motor Vehicles. As modified, the judgment is affirmed.