STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
ANTHONY POMO, DEFENDANT-RESPONDENT.

Argued October 12, 1983—Decided December 14, 1983.

*Marc J. Friedman,* Assistant Prosecutor, argued the cause for appellant (*George L. Schneider,* Essex County Prosecutor, attorney).

*Joel M. Miklacki* argued the cause for respondent.

PER CURIAM.

This appeal presents the issue whether a defendant, who at the time of sentencing in the municipal court misrepresents his prior record of convictions, is immune from sentence enhancement when he appeals his conviction to the Superior Court, Law Division, for a trial *de novo* on the record. No question has been raised on the appeal concerning the defendant's right of allocution or the right to refuse to furnish information about a prior conviction.

In reliance on the statement by defendant's attorney that defendant had no prior record of convictions, the municipal court did not impose a custodial sentence. After a trial *de novo* on the record, the Law Division found defendant guilty and requested a presentence report that revealed, among other things, convictions for drug-related offenses. Thereupon, the court imposed a custodial sentence. The Appellate Division reversed and reimposed the municipal court sentence.

We granted the State's petition for certification, 93 *N.J.* 264 (1983), and we now conclude the Law Division properly imposed an enhanced sentence on defendant. Consequently, we reverse

the judgment of the Appellate Division and reinstate the sentence of the Law Division.

Defendant was charged in the Fairfield Municipal Court with attempting to cause and purposefully causing bodily injury to another, *N.J.S.A.* 2C:12–1(a)(1), and attempting by physical menace to put another in fear of imminent bodily injury, *N.J. S.A.* 2C:12–1(a)(3). The charges arose out of an incident in which defendant met a woman in a bar and went with her to his car where the offenses occurred. After a trial in the municipal court, the judge merged the charges and found defendant guilty of simple assault.

Defendant subsequently appeared before the municipal court for a consolidated sentencing on this conviction and on a separate conviction for an unrelated assault and battery. At the sentencing, defendant's counsel represented that defendant had never been convicted of any crime in the State of New Jersey and that defendant had no prior disorderly persons convictions. After stating that he would have considered imposing a custodial sentence if Pomo had a prior record, the municipal court judge imposed a suspended sentence of 30 days in the County Jail, a one-year period of probation, and a fine of $500, with additional payments of $25 for costs and $25 to the Violent Crimes Compensation Board.

In fact, defendant's prior court history included a record for vandalism and break and entry as a juvenile and convictions for drug-related offenses as an adult. In March, 1975, defendant received a conditional discharge, see *N.J.S.A.* 24:21–27, for possession of marijuana. Later, in September, 1975, he was convicted for possession and distribution of marijuana; that conviction led to a 360-day sentence to the Bergen County Jail, with 315 days suspended, and a $300 fine.

In this case, Pomo appealed his municipal court conviction to the Superior Court, Law Division, for a trial *de novo* on the record. *R.* 3:23–8. The judge found defendant guilty and ordered a presentence report, which revealed his convictions for

possession and distribution of marijuana. The report stated further that defendant was under indictment for sexual assault, contrary to his assertion to the investigating probation officer that no charges were pending against him.

When defendant appeared for sentencing in the Superior Court, the judge sentenced him to a six-month term of imprisonment in the county jail and reimposed the fines assessed in the municipal court. Because of defendant's prior convictions, which had been misrepresented to the municipal court, the Superior Court judge concluded that a custodial sentence was required. On defendant's appeal, the Appellate Division concluded that the Law Division improperly enhanced the municipal court sentence. The Appellate Division, therefore, vacated the Law Division's sentence and reimposed the sentence of the municipal court.

Although the Appellate Division found that the enhancement of the sentence did not violate constitutional mandates, it concluded that the policy against enhancement of municipal court sentences applied even when a defendant misrepresented his prior criminal record to the lower court. In reaching its conclusion, the court relied on *State v. DeBonis*, 58 *N.J.* 182 (1971), in which this Court determined, as a matter of policy, that a defendant who appealed from a municipal court conviction should not risk a greater sentence in the Superior Court. The Appellate Division concluded that the appropriate discipline is a contempt proceeding, not an enhancement of the challenged sentence.

█ We begin by affirming our commitment to the general proposition that a defendant who appeals from a municipal court conviction should not risk a greater sentence by filing an appeal *de novo* to the Superior Court, Law Division. *State v. DeBonis, supra,* 58 *N.J.* at 188. That policy, however, must yield to the paramount need for honesty by defendants when representing their criminal records to municipal court judges at sentencing. A court cannot function if parties may lie with

impunity. The need for candor is particularly important in municipal courts where, because of practical considerations, including convenience of the defendant, a sentencing judge often relies on a defendant's representations of his prior court history.

■ Previously, sentence enhancement has been permitted where the municipal court has imposed an illegal sentence, *State v. McCourt,* 131 *N.J.Super.* 283, 288 (App.Div.1974) (municipal court imposed penalty below statutory minimum; on appeal, county court could impose higher sentence to conform to statute), or where intervening facts, such as a later conviction for another offense, justified greater punishment upon reconviction. *State v. DeBonis, supra,* 58 *N.J.* at 187. The justification for sentence enhancement is even greater when the defendant, rather than the court, is responsible for the error in the municipal court sentence. A defendant may not lie to a municipal court judge about his criminal record, seek a trial *de novo* and, if convicted in the Law Division, restrict that court to the sentence imposed below.

The judgment of the Appellate Division is reversed and the sentence imposed by the Law Division is reinstated.

*For reversal and reinstatement*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*For affirmance*—None.