10 A.3d 870

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT AND CROSS–APPELLANT, v. EILEEN M. CIANCAGLINI, DEFENDANT–APPELLANT AND CROSS–RESPONDENT.

Argued November 8, 2010—Decided January 19, 2011.

*Stephen M. Pascarella* argued the cause for appellant.

*Mary R. Juliano*, Assistant Prosecutor, argued the cause for respondent (*Luis A. Valentin*, Monmouth County Prosecutor).

*Jeffrey Evan Gold* argued the cause for amicus curiae New Jersey State Bar Association (*Richard H. Steen*, President, attorneys; *Mr. Gold*, *Mr. Steen*, and *James J. Gerrow, Jr.*, on the brief).

Judge STERN (temporarily assigned) delivered the opinion of the Court.

The critical issue presented by this appeal is whether a conviction for refusing to submit to a breathalyzer test, *N.J.S.A.* 39:4–50.4a, can be used to enhance a sentence for driving while intoxicated (DWI), *N.J.S.A.* 39:4–50. In *State v. DiSomma*, 262 *N.J.Super.* 375, 383, 621 *A.2d* 55 (App.Div.1993), the Appellate Division held that "a prior refusal conviction cannot serve as the basis" to enhance a subsequent DWI conviction. In this case,

however, the Appellate Division held that a refusal conviction does qualify as a "prior violation" under the DWI statute. *State v. Ciancaglini*, 411 *N.J.Super.* 280, 288, 986 *A.*2d 1 (App.Div.2010). We granted certification to resolve the conflict and hold that the defendant's prior refusal conviction cannot be considered as a "prior conviction" for purposes of her subsequent DWI conviction.

## I.

On May 1, 2008, Rumson police stopped defendant for reckless driving and failure to stay in her lane. During the stop, she appeared to be intoxicated and consented to a breathalyzer test, which revealed a 0.17% blood alcohol concentration. As a result, she was charged with failure to maintain a lane, *N.J.S.A.* 39:4–88, reckless driving, *N.J.S.A.* 39:4–96, and driving while intoxicated, *N.J.S.A.* 39:4–50.

On September 10, 2008, defendant appeared in the Rumson Municipal Court and pled guilty to driving while intoxicated. The other two charges were dismissed. Defendant previously had been convicted of DWI on March 29, 1979, and of refusal on May 18, 2006.[1] Upon sentencing for the 2008 DWI in this case, defendant argued she should be treated as a first offender. Specifically, she argued that her 2006 conviction for refusal, *N.J.S.A.* 39:4–50.4a, does not qualify as a prior violation under the DWI statute, *N.J.S.A.* 39:4–50. She relied on *DiSomma, supra,* in which the Appellate Division held that a conviction for refusal is

---

[1] A transcript of the 2006 proceedings has not been presented to us, and it is not entirely clear from the record if the 2006 conviction was the result of a trial at which she was found not guilty of DWI, or a plea independent of a trial. The latter is unlikely if the defendant was also charged with DWI. *See,* Guidelines for Operation of Plea Agreements in the Municipal Courts of New Jersey, Guideline 4, Pressler & Verniero, *Current N.J. Court Rules,* Appendix to Part VII (2011). An acquittal of DWI in 2006 when the refusal conviction was entered would be significant for purposes of the issue before us. The amicus has presented municipal court certifications that defendant was found not guilty of DWI, but guilty of the refusal on the 2006 charges. The certifications do not provide the nature of the proceeding at which those findings were made.

not a prior violation under the DWI statute. 262 *N.J.Super.* at 383, 621 *A.*2d 55.

The State argued that, although *DiSomma* had not been overruled, subsequent developments in the law undermined its reasoning so as to require an opposite conclusion. When *DiSomma* was decided, a refusal conviction required a preponderance of the evidence burden of proof, whereas a DWI conviction required proof beyond a reasonable doubt. In 2005, however, we held in *State v. Cummings*, 184 *N.J.* 84, 875 *A.*2d 906 (2005), that breathalyzer refusal cases are quasi-criminal in nature and, therefore, require the State to prove its case by proof beyond a reasonable doubt. *Id.* at 95–96, 875 *A.*2d 906. Because the different burdens of proof necessary for a conviction weighed heavily in the *DiSomma* court's analysis, *DiSomma*, *supra*, 262 *N.J.Super.* at 380–81, 621 *A.*2d 55, the State argued that its rationale was no longer applicable. Consequently, the State urged that defendant's refusal conviction qualifies as a prior offense and that she should be sentenced as a third offender. Moreover, post-*DiSomma* amendments to *N.J.S.A.* 39:4–50.4a brought the sentencing provisions of that statute into line with *N.J.S.A.* 39:4–50 in many respects, except for the imposition of custodial terms, so as to warrant treating a refusal as if defendant were guilty of DWI because proof thereof was precluded by defendant's conduct.

The Municipal Court found that *Cummings* effectively undermined *DiSomma*, changing "the whole underpinning" for that decision. The court therefore held that defendant was a third offender under the DWI statute. She was sentenced to pay a fine of $1,006,[2] a six-month jail term, a ten-year license suspension, a ten-year suspension of the registration on any vehicle that she owned, a twelve-hour commitment at the Intoxicated Driver Resource Center, and costs and surcharges totaling $358. The court stayed the sentence pending her appeal.

---

[2] The municipal court judgment is not in the record and the last digit of the $1,006 figure may include a typographical error in the transcript.

Defendant appealed her sentence to the Law Division. Both defendant and the State largely repeated the same arguments they presented to the Municipal Court. *See R.* 3:23. On *de novo* review, the Law Division held that defendant should have been sentenced as a first offender because no case law supported the use of a refusal conviction as a prior offense under the DWI statute. The court did not find persuasive the argument that *Cummings* undermined *DiSomma,* reasoning that the underlying premise of *DiSomma* was not that the two statutes had differing standards of proof, but rather that the two statutes were not interchangeable for sentencing purposes. The court further held that the "step-down" provision of *N.J.S.A.* 39:4–50 applied, thus preventing defendant's 1979 DWI conviction from counting as a prior DWI conviction because, as the prior refusal was not the equivalent of a DWI conviction, she had no DWI conviction within the past ten years. The Law Division sentenced defendant to a fine of $500 (plus $336.50 in fees, surcharges and costs), a thirty-day jail term, a twelve-month license suspension, a twelve-hour commitment at the Intoxicated Driver Resource Center.

The State appealed the Law Division's decision. Before the Appellate Division, the parties again repeated their statutory arguments. In addition to the statutory arguments, defendant argued that re-imposition of her Municipal Court sentence would violate her rights under the Double Jeopardy Clauses of the Federal and State Constitutions.

As already noted, the Appellate Division reversed the Law Division judgment and re-imposed the original sentence. *Ciancaglini, supra,* 411 *N.J.Super.* at 288, 986 *A.*2d 1. The panel noted that *DiSomma* gave four primary reasons for its holding: first, refusal convictions at the time required proof by a preponderance of the evidence while DWI convictions required proof beyond a reasonable doubt; second, principles of statutory construction indicated that the refusal statute's reference to "a subsequent offense under this section" meant that prior convictions should be counted only if they resulted from a violation under the same

section; third, the DWI and refusal statutes were enacted separately even though compiled "within the same Title and Chapter;" fourth, penal measures like the DWI statute "should be strictly construed." *Id.* at 285, 986 *A.*2d 1 (citing *DiSomma, supra,* 262 *N.J.Super.* at 380–83, 621 *A.*2d 55).

The *Ciancaglini* panel concluded, however, that "[n]one of these reasons has stood the test of time and analysis in other decisions." *Ibid.* The court emphasized that after *Cummings,* convictions under both the refusal and DWI statutes required proof beyond a reasonable doubt. *Id.* at 285–86, 986 *A.*2d 1. Consequently, that justification for declining to count a refusal as a prior offense under the DWI statute was no longer applicable. *Id.* at 286, 986 *A.*2d 1. The panel also noted that in the opposite situation, courts have held "invariably" that a DWI conviction qualifies as a prior offense under the refusal statute. *Ibid.*[3] It added that these interpretations are more consistent with the purpose of the statute, as "it is unlikely that the Legislature intended to impose a lesser fine or period of license revocation on one convicted of a DWI after an earlier refusal conviction than one convicted of refusal after an earlier DWI conviction." *Id.* at 287–88, 986 *A.*2d 1. Therefore, the *Ciancaglini* panel concluded that a violation of the refusal statute is a prior conviction for purposes of the DWI statute. *Id.* at 288, 986 *A.*2d 1.

The panel further held that double jeopardy rights are not violated when the State successfully appeals an illegal sentence or is "granted the right to appeal a lenient sentence." *Id.* at 289, 986 *A.*2d 1. Finding that the Law Division's sentence conformed with *DiSomma* and was therefore not an illegal sentence at the time it was imposed, the panel nevertheless held that no double jeopardy violation results when a sentence is re-imposed after being "mistakenly decreased." *Ibid.* (citing *State v. Pomo,* 95 *N.J.* 13, 468

---

[3] *See In re Bergwall,* 85 *N.J.* 382, 427 *A.*2d 65 (1981), *rev'g on dissent,* 173 *N.J.Super.* 431, 414 *A.*2d 584 (App.Div.1980). *See also, e.g., State v. Fielding,* 290 *N.J.Super.* 191, 675 *A.*2d 653 (App.Div.1996); *State v. Tekel,* 281 *N.J.Super.* 502, 505, 658 *A.*2d 1281 (App.Div.1995).

A.2d 428 (1983)). Defendant therefore could not have had a "reasonable expectation of finality" in the Law Division's sentence because she had knowledge of the appeal process which already resulted in one alteration of her sentence. *Id.* at 290, 986 *A.*2d 1. As a result, the Appellate Division vacated the Law Division's sentence and remanded with instructions to reinstate the Municipal Court's original sentence. *Id.* at 291, 986 *A.*2d 1.

Defendant filed a Notice of Petition for Certification and then filed an emergent application in the Appellate Division to stay the sentence pending this Court's review. The Appellate Division granted the application in part and stayed her incarceration only. However, the thirty-day sentence imposed by the Law Division had been served by the time of its decision. 411 *N.J.Super.* at 283, 986 *A.*2d 1. The State filed a Notice of Cross–Petition for Certification, restricted to reviewing the Appellate Division's determination that the Law Division did not impose an illegal sentence. We granted both the Petition for Certification and the Cross–Petition. *State v. Ciancaglini,* 202 *N.J.* 43, 994 *A.*2d 1039 (2010).

Ciancaglini presents two arguments: (1) she is properly a first offender under the DWI statute; and (2) the State's appeal of the Law Division sentence violates the Double Jeopardy Clauses of the State and Federal Constitutions.

## II.

A municipal appeal requires *de novo* review in the Law Division. *R.* 3:23–8. The sentence must be imposed as if the municipal court had not imposed one, although it cannot in most instances be greater than that imposed by the municipal court. *See State v. Kashi,* 180 *N.J.* 45, 49, 848 *A.*2d 744 (2004); *State v. Pomo,* 95 *N.J.* 13, 16, 468 *A.*2d 428 (1983); *State v. Nash,* 64 *N.J.* 464, 317 *A.*2d 689 (1974); *State v. De Bonis,* 58 *N.J.* 182, 276 *A.*2d 137 (1971); *State v. Mull,* 30 *N.J.* 231, 238–40, 152 *A.*2d 572 (1959); *State v. Taimanglo,* 403 *N.J.Super.* 112, 120–21, 957 *A.*2d 699 (App.Div.2008). Partial execution of a legal sentence may pre-

clude appellate review even if there is statutory authorization to permit the appeal. *United States v. DiFrancesco,* 449 *U.S.* 117, 133–37, 101 *S.Ct.* 426, 435–37, 66 *L.Ed.*2d 328, 443–46 (1980); *State v. Sanders,* 107 *N.J.* 609, 616–21, 527 *A.*2d 442 (1987); *State v. Ryan,* 86 *N.J.* 1, 10, 429 *A.*2d 332, *cert. denied,* 454 *U.S.* 880, 102 *S.Ct.* 363, 70 *L.Ed.*2d 190 (1981).[4] We need not consider the double jeopardy issue at length, however, because the issue before us is whether the sentence was, in fact, legal, and defendant seeks a determination that the sentence ordered by the Appellate Division was not. Moreover, although the Law Division's sentence in a "two-tier" system like New Jersey's municipal appeal procedure is *de novo,* the original sentence imposed by the municipal court must be considered for purposes of concluding that defendant could have no "reasonable expectation of finality." *Cf. State v. Thomas,* 195 *N.J.* 431, 435, 950 *A.*2d 209 (2008); *State v. Sanders, supra,* 107 *N.J.* at 619–20, 527 *A.*2d 442; *State v. Baker,* 270 *N.J.Super.* 55, 71–77, 636 *A.*2d 553 (App.Div.) (no reasonable expectation of finality), *aff'd o.b.,* 138 *N.J.* 89, 648 *A.*2d 1127 (1994). In any event, the State can appeal from imposition of an illegal sentence. *State v. Fearick,* 132 *N.J.Super.* 165, 170, 333 *A.*2d 29 (App.Div.1975), *aff'd* 69 *N.J.* 32, 350 *A.*2d 227 (1976); *State v. Sheppard,* 125 *N.J.Super.* 332, 310 *A.*2d 731 (App.Div.), *certif. denied,* 64 *N.J.* 318, 315 *A.*2d 407 (1973). And despite the fact the panel below could not overrule another panel of the same court, and therefore concluded the Law Division's sentence was legal when imposed, the panel in essence concluded the Law Division's sentence was illegal under its rationale.

## III.

When determining the meaning of a statute, the central focus is the Legislature's intent, "and, generally, the best indicator

---

4 For example, *N.J.S.A.* 2C:44–1(f)(2) authorizes the State to appeal from a sentence of probation or a noncustodial sentence, or from a downgraded sentence, on first- and second-degree crimes. The statute provides for an automatic stay of ten days to permit the appeal. *See also R.* 2:9–3(d); *R.* 2:9–10.

of that intent is the statutory language." *DiProspero v. Penn*, 183 *N.J.* 477, 492, 874 *A.*2d 1039 (2005). *See also, e.g., Lee v. First Union Nat'l. Bank*, 199 *N.J.* 251, 258–59, 971 *A.*2d 1054 (2009). The first step "is to look at the plain language of the statute." *Hubbard v. Reed*, 168 *N.J.* 387, 392, 774 *A.*2d 495 (2001). If "the language of a statute is clear on its face, 'the sole function of the courts is to enforce it according to its terms.' " *Ibid.* (quoting *Sheeran v. Nationwide Mut. Ins. Co.*, 80 *N.J.* 548, 556, 404 *A.*2d 625 (1979)). *See also Pizzullo v. N.J. Mfrs. Ins. Co.*, 196 *N.J.* 251, 264, 952 *A.*2d 1077 (2008); *D'Annunzio v. Prudential Ins. Co. of America*, 192 *N.J.* 110, 119–20, 927 *A.*2d 113 (2007). However, "[i]f the plain language of a statute is ambiguous or open to more than one plausible meaning, we may consider extrinsic evidence including legislative history and committee reports." *State v. Marquez*, 202 *N.J.* 485, 500, 998 *A.*2d 421 (2010); *see also e.g., Marino v. Marino*, 200 *N.J.* 315, 329, 981 *A.*2d 855 (2009); *Lee v. First Union Nat'l. Bank, supra*, 199 *N.J.* at 258–59, 971 *A.*2d 1054. And any reasonable doubt concerning the meaning of a penal statute must be "strictly construed" in favor of the defendant. *State v. D.A.*, 191 *N.J.* 158, 164, 923 *A.*2d 217 (2007); *State v. Valentin*, 105 *N.J.* 14, 17–18, 519 *A.*2d 322 (1987); *State v. Provenzano*, 34 *N.J.* 318, 322, 169 *A.*2d 135 (1961).

In this case, although *N.J.S.A.* 39:4–50 and *N.J.S.A.* 39:4–50.4 are both part of a statutory complex designed to rid the highways of drunk drivers and to make our roads safer, each is a separate section (each referring to "this section") with a different, albeit related, purpose, and each has different elements.

*N.J.S.A.* 39:4–50 provides, in relevant part,[5] that "a person who operates a motor vehicle while under the influence of intoxicating liquor ... or operates a motor vehicle with a blood alcohol concentration of 0.08% or more ... shall be subject" to certain penalties. *N.J.S.A.* 39:4–50(a). Penalties vary based on the num-

---

[5] The section has been amended since defendant's arrest, but not in a manner relevant to this case.

ber of prior "offenses" or "violations" that the defendant has previously committed. *Ibid.* The statute sets forth the penalties "[f]or the first offense" based upon the blood alcohol concentration of the driver. *N.J.S.A.* 39:4–50(a)(1). If the concentration is 0.08% or higher but less than 0.10%, the driver is subject to a three-month license suspension, a $250 to $400 fine, and a jail term of "not more than 30 days." *N.J.S.A.* 39:4–50(a)(1)(i). If the concentration is 0.10% or higher, the driver is subject to a sentence including a license suspension of seven months to one year, a $300 to $500 fine, and a jail term "of not more than 30 days." *N.J.S.A.* 39:4–50(a)(1)(ii).

"For a second violation," the sentence must include a two-year license suspension, a $500 to $1,000 fine, a jail term of up to ninety days, forty-eight consecutive hours of which "shall not be suspended or served on probation," and mandatory installation of an ignition interlock device. *N.J.S.A.* 39:4–50(a)(2). "For a third or subsequent violation," the driver is subject to a sentence including a ten-year license suspension, a $1,000 fine, a jail term of 180 days of which up to ninety days may be served in "a drug or alcohol inpatient rehabilitation program," and mandatory installation of an ignition interlock device. *N.J.S.A.* 39:4–50(a)(3).[6]

Thus, the number of prior violations is significant in sentencing defendant. However, the DWI statute contains a so-called "stepdown" provision, providing that

> if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.
> [*N.J.S.A.* 39:4–50(a).]

The refusal statute, *N.J.S.A.* 39:4–50.4a, is similarly structured with penalties based on whether the conviction is the driver's first, second, or third or subsequent offense. The statute provides that "the municipal court shall revoke the right to operate a motor

---

[6] Attendance at Intoxicated Driver Resource Centers is also mandated upon convictions.

vehicle of any operator who, after being arrested for a violation of [the DWI statute], shall refuse to submit to a [breath test] when requested to do so." *N.J.S.A.* 39:4–50.4a(a). The length of the license suspension under a first, second, or third or subsequent offense mirrors the length of the suspension for a first (with a concentration of 0.10% or more), second, or third or subsequent violation of the DWI statute. The first offense will result in a suspension of seven months to one year; if "the refusal was in connection with a second offense under this section," it will result in a suspension of two years; and if "the refusal was in connection with a third or subsequent offense under this section," it will result in a suspension of ten years. *Ibid.*

Once it is determined beyond a reasonable doubt [7] that "the arresting officer had probable cause to believe that the person had been driving ... under the influence of intoxicating liquor" and that the driver was actually arrested and refused to submit to the test, the driver can be subject to further penalties. *Ibid.* A first offender is subject to a $300 to $500 fine; a second offender is subject to a $500 to $1,000 fine; a third offender is subject to a $1,000 fine. *Ibid.*[8] Therefore, the penalties for each refusal offense now essentially mirror the penalties for each offense of DWI, but no custodial sentence is authorized as the result of a refusal conviction. *See State v. Widmaier,* 157 *N.J.* 475, 499–500, 724 *A.*2d 241 (1999) ("[E]xcept for the jail sentences authorized by the DWI statute, *N.J.S.A.* 39:4–50, the sanctions for violating the refusal statute are substantially similar to those imposed for violation of the DWI statute.").

In *DiSomma, supra,* 262 *N.J.Super.* at 377, 621 *A.*2d 55, the defendant was convicted of refusal in 1986 and of driving while

---

[7] The statute calls for a determination only "by a preponderance of the evidence," but, as already noted, we have held that because the nature of the offense is quasi-criminal, it requires proof beyond a reasonable doubt. *Cummings, supra,* 184 *N.J.* at 95, 875 *A.*2d 906.

[8] Also, installation of an ignition interlock device may be ordered and reference to an Intoxicated Driver Resource Center is required.

intoxicated in 1992. At the later sentencing, defendant argued that he was a first offender because he had no prior DWI offenses, but the State argued that the refusal conviction made defendant a second DWI offender. *Ibid.* Examining the refusal and DWI statutes together, the Appellate Division held that the provisions are intended to be separate, emphasizing that the State's construction of the statutes "blur[red] the distinction between the two provisions and disregard[ed] the different burdens of proof which the State must meet as to each." *Id.* at 380, 621 *A.*2d 55.

The panel then considered the refusal statute, closely examining "the reference to 'a subsequent offense under this section' " in the first paragraph and concluding that it must be viewed as an internal reference to the refusal statute.[9] *Id.* at 381, 621 *A.*2d 55. The court acknowledged the potential for a competing view whereby "the greater offense includes the lesser" so that a DWI conviction would enhance the sentence for a subsequent refusal, but it rejected that reading and concluded that even if that interpretation were adopted, it would not automatically follow that a refusal conviction enhances a subsequent DWI. *Id.* at 381–82, 621 *A.*2d 55. The panel added that its conclusion "is fortified by the requirement for strict construction of the relevant statutes since a penal conviction is involved." *Id.* at 383, 621 *A.*2d 55 (citing *State v. Meinken,* 10 *N.J.* 348, 91 *A.*2d 721 (1952)). Thus, the court concluded that the defendant should be sentenced as a first offender under the DWI statute. *Ibid.*

Until the Appellate Division in this case reached the opposite conclusion, *DiSomma* represented the controlling case for sentencing DWI offenders with a prior refusal conviction, and, despite other statutory amendments to both sections, there was no relevant amendment to either *N.J.S.A.* 39:4–50 or *N.J.S.A.* 39:4–

---

[9] The court carefully examined whether the word "section" referred to the legislation that converted violation of the refusal statute from an administrative procedure to a quasi-criminal proceeding or related to the refusal section itself. *See L. 1981, c. 512. See also State v. Wilhalme,* 206 *N.J.Super.* 359, 362–63, 502 *A.*2d 1159 (App.Div.1985).

50.4a.[10] Neither the revisions to the DWI or refusal statute, nor any accompanying statements referred to us, suggest any integration of refusal convictions into DWI sentencing. On the other hand, a 1997 amendment to both the DWI and refusal statutes was designed to ensure that DWI and refusal convictions in other jurisdictions would qualify as prior offenses under the respective sections in New Jersey. *L.* 1997, *c.* 277, § 1–2, effective December 30, 1997. The Legislature clearly understood how to provide for enhanced sentences by reference to prior convictions, but never endeavored to provide, even after our decision in *Cummings,* that a prior refusal conviction could be treated as a prior DWI.

*N.J.S.A.* 39:4–50 contains no reference whatsoever to the refusal statute. When listing the penalties for driving while intoxicated, it categorizes them based on being "[f]or the first offense," "[f]or a second violation," and "[f]or a third or subsequent violation." *N.J.S.A.* 39:4–50(a)(1), (2), (3). Nothing suggests that those references to prior "violations" are meant to refer to anything beyond DWI convictions in violation of *N.J.S.A.* 39:4–50, and the Legislature made no relevant amendment to the DWI or refusal statute while otherwise strengthening the latter. Indeed, without any

---

[10] In *In re Bergwall, supra,* 85 *N.J.* at 383, 427 *A.2d* 65, we reversed an Appellate Division decision holding that a DWI does not qualify as a prior offense under the refusal statute, "substantially for the reasons expressed in the dissenting opinion" of the Appellate Division. In the Appellate Division dissent, Judge Lora noted that the phrase "in connection with a subsequent offense of this section" in the refusal statute would not make sense if read to mean that it could only include another refusal offense because "a refusal cannot be 'in connection with' another refusal. Rather, it can only be 'in connection with' an arrest for drinking-driving and a request to take the breath test." *In re Bergwall, supra,* 173 *N.J.Super.* at 437, 414 *A.2d* 584 (Lora, J., dissenting). Judge Lora also pointed out that even absent this language, the legislative history, including a chart in the Report of the New Jersey Motor Vehicle Study Commission listing different sentence lengths, suggested that the Legislature believed a DWI conviction would qualify as a prior offense under the refusal statute. *Id.* at 438–40, 414 *A.2d* 584. In 1981, after our decision in *Bergwall,* the Legislature transferred jurisdiction over refusal cases from the Division of Motor Vehicles to the municipal courts. *L.* 1981, *c.* 512.

statutory cross-reference, or similar expression, the most natural reading of the statute would suggest that the "prior" violations described in the three subsections of *N.J.S.A.* 39:4–50 are meant to refer only to the section of Title 39, Chapter 4, in which they are contained, that is *N.J.S.A.* 39:4–50. Such a reading is consistent with the well-established principle that penal statutes must be strictly construed. *See D.A., supra,* 191 *N.J.* at 164, 923 *A.*2d 217; *Valentin, supra,* 105 *N.J.* at 17–18, 519 *A.*2d 322; *see also N.J.S.A.* 39:4–50.4a(a) (requiring arrest for violation of DWI statute as pre-condition for breath test request and refusal determination, but not vice versa).

Moreover, while the record was not fully developed as to whether defendant's 2006 refusal conviction was incident to an acquittal of DWI,[11] it cannot be reasonably suggested that someone convicted of refusal when found not guilty of DWI can be treated as if he or she were convicted of the DWI offense. If the Legislature wanted to treat a refusal conviction as an enhancer for DWI, even after an acquittal of DWI, it would have had to do so in clearer language.

## IV.

The State argues that even if a refusal conviction does not qualify as a prior violation under the DWI statute, defendant is still a second offender because she already availed herself of one step-down when she was sentenced as a first-time offender for refusal in 2006. *See, e.g., State v. Conroy,* 397 *N.J.Super.* 324, 332–33, 937 *A.*2d 328 (App.Div.2008) (uncounselled DWI conviction not counted when considering eligibility for a "step-down"); *State v. Burroughs,* 349 *N.J.Super.* 225, 227, 793 *A.*2d 137 (App.Div. 2002) (where defendant given "step-down" on second DWI conviction, no "step-down" where less than ten years elapsed between second and third convictions); *see also State v. Enright,* 416

---

11 The amicus did not appear in the Appellate Division, and the material provided by it was not presented in that court.

N.J.Super. 391, 405–06 (App.Div.2010) (adhering to *Burroughs*). Language in Burroughs can be read to support the State's argument. There, defendant was convicted of driving while intoxicated in 1982, 1998, and 2000. *Burroughs, supra,* 349 *N.J.Super.* at 226, 793 *A.*2d 137. Following the 2000 conviction, the Municipal Court erroneously sentenced defendant as a second offender, reasoning that the sixteen-year gap between the first and second convictions effectively forgave the first offense in perpetuity. *Id.* at 226–27, 793 *A.*2d 137. The Law Division and Appellate Division disagreed, but not because defendant could not be twice forgiven of the same conviction. Rather, the Appellate Division simply held that the Municipal Court misinterpreted the operation of the "step-down" provision. *Id.* at 227, 793 *A.*2d 137. The provision dictates that

> if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.
>
> [*N.J.S.A.* 39:4–50(a).]

Because the *Burroughs* defendant had a second conviction within ten years of his third conviction, he was not entitled to any "step-down," regardless of how much time passed between his first and second convictions.

That said, we need not decide in this case whether a person can twice take advantage of a "step-down." Defendant's refusal conviction cannot be considered as a prior DWI violation for enhancement purposes, and thus she is not precluded from the benefit of the "step-down" under *N.J.S.A.* 39:4–50 for a prior DWI, because her first DWI conviction was more than ten years prior to her second, the 2008 DWI conviction.

## V.

For the reasons stated herein, we reverse the judgment of the Appellate Division, and reinstate the sentence as imposed by the Law Division.

*For reversal and reinstatement*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, RIVERA–SOTO, HOENS, and STERN (temporarily assigned)—7.

*Opposed*—None.

