**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5620-15T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ALLAN AFANADOR,

      Defendant-Appellant.

_____

Argued October 3, 2017 — Decided  November 14, 2017

Before Judges Fisher and Moynihan.

On appeal from Superior Court of New Jersey,
Law Division, Gloucester County, Municipal
Appeal No. 04-16.

Michel L. Testa, Jr. argued the cause for
appellant (Testa Heck Testa & White, PA
attorneys; Anthony M. Imbesi, on the brief).

Joseph H. Enos, Jr., Senior Assistant
Prosecutor, argued the cause for respondent
(Sean F. Dalton, Gloucester County Prosecutor,
attorney; Monica Bullock, on the brief).

PER CURIAM

Defendant pleaded guilty to refusing to submit to a chemical test, N.J.S.A. 39:4-50.4a (the refusal statute).[1] He had prior convictions in 2004 for refusal to submit to a chemical test, and in 2008 for driving while intoxicated (DWI), N.J.S.A. 39:4-50 (the DWI statute). Despite defendant's argument that he should be sentenced as a second offender for violating the refusal statute, the municipal court judge, on the basis of those two prior convictions, sentenced defendant as a third offender.[2] Defendant appealed and proffered the same sentencing argument to the Law Division judge who held defendant's prior DWI conviction was properly considered, in accordance with State v. Frye, 217 N.J. 566 (2014), in sentencing defendant as a third-time offender.

On appeal, defendant reiterates his argument that he should have been sentenced as a second offender, relying on State v. Ciancaglini, 204 N.J. 597 (2011). The State counters that defendant's sentence as a third offender complied with the Frye decision. We agree that defendant's sentence as a third offender is supported by precedent and affirm.

---

[1] Charges for other motor vehicle violations, including driving while intoxicated, N.J.S.A. 39:4-50, were dismissed.

[2] The judge imposed a ten-year suspension of defendant's driving privileges and other penalties consistent with a third-time offender. N.J.S.A. 39:4-50.4a.

Our review is de novo because we are considering the legality of the sentence imposed and "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The Supreme Court interpreted an early version of the refusal statute and held a prior DWI conviction enhanced a sentence for a subsequent refusal conviction.  In re Bergwall, 85 N.J. 382 (1981), rev'g on dissent, 173 N.J. Super. 431 (App. Div. 1980).  Over thirty years later, the Court recognized Bergwall, despite many amendments to the refusal statute, "remains binding precedent." Frye, supra, 217 N.J. at 580.  The Court observed the amendments did not make "any significant changes" to the refusal statute, concluding that the Legislature acquiesced to the Bergwall Court's interpretation.  Ibid.

In Ciancaglini, supra, 204 N.J. at 599-600, the Court held a defendant's prior refusal conviction could not enhance a subsequent DWI sentence.  The Court discerned the DWI and refusal statutes had discrete, albeit related, purposes and elements.  Id. at 606-08.  Recognizing the Legislature did not amend either statute to provide otherwise, the Court concluded references to prior violations in the DWI statute were to DWI convictions, not to refusal convictions.  Id. at 610-11.

A-5620-15T1

The Court again acknowledged those statutory differences in Frye when it held that Bergwall, not Ciancaglini, controlled the outcome of a case where the defendant's two prior convictions for DWI enhanced his sentence on a subsequent refusal conviction. Frye, supra, 217 N.J. at 581-82.

We see no grounds to depart from the Court's statutory interpretation in Bergwall and Frye. Although the Frye Court upheld Bergwall, in part, because enhancement of subsequent refusal convictions prevented defendants with a prior DWI conviction from gaining a tactical advantage by refusing to be tested, that consideration was only "further support[]" for the Court's decision, id. at 582; the statutory interpretation was the cornerstone of the Court's holding, see id. at 577-80.

The legislative fiat recognized in Bergwall and Frye surmounts defendant's argument that the enhancement of his sentence disregards the progressive system of discipline designed by the Legislature. The Legislature's language compels enhancement of defendant's refusal conviction.

We comprehend defendant's argument that it is inequitable to treat his current conviction as a third offense, whereas, if he was convicted of DWI, he would have faced sentencing as a second offender. The power to remedy any inequity, however, rests with the Legislature.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION