NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2045-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES T. DOUGHERTY,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

July 10, 2018

APPELLATE DIVISION

Argued April 11, 2018 — Decided July 10, 2018

Before Judges Alvarez, Nugent, and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Burlington County, Indictment
No. 16-04-0407.

Joseph P. Grimes argued the cause for
appellant.

Jennifer E. Kmieciak, Deputy Attorney General,
argued the cause for respondent (Gurbir S.
Grewal, Attorney General, attorney; Carol M.
Henderson, Assistant Attorney General, of
counsel and on the brief).

The opinion of the court was delivered by

ALVAREZ, P.J.A.D.

Drivers commit a fourth-degree crime if they operate a motor
vehicle during a period of license suspension for a second or
subsequent motor vehicle violation of driving while intoxicated

(DWI), N.J.S.A. 39:4-50, or refusal to submit to a breath test (refusal), N.J.S.A. 39:4-50.4(a). N.J.S.A. 2C:40-26(b). When defendant James T. Dougherty was arrested and charged with violating N.J.S.A. 2C:40-26(b), he had one prior DWI conviction, one prior refusal conviction, and his license was suspended for the refusal. He contends 2C:40-26(b) requires convictions of the same two predicate violations, either two convictions for driving while intoxicated, or two convictions for refusal, not one of each. Based on the plain language of the statute, we conclude the two predicate violations may consist of one prior DWI and one prior refusal conviction. Hence, we affirm the denial of defendant's motion to dismiss the indictment, his subsequent conviction, and vacate the Law Division judge's stay of his sentence.

Defendant was convicted on August 19, 2015, of DWI, and on November 9, 2015, of refusal.[1] On December 19, 2015, during the seven-month refusal suspension,[2] police stopped defendant while he was operating a motor vehicle. A grand jury indicted him for

---

[1]  The refusal arrest took place on February 4, 2009. The DWI arrest occurred on February 23, 2009. The record does not explain the reason for the more than six-year delay between arrests and convictions.

[2]  The record does not indicate the length of suspension imposed on the DWI.

driving while suspended, and after the judge denied his motion to dismiss the indictment, defendant entered a conditional guilty plea. The court sentenced him on December 15, 2016, to the statutory minimum of 180 days incarceration and stayed the service of the jail time pending the outcome of this appeal.

Defendant raises the following points:

> i. Point One: A charge of [DWI] or Refusal cannot be used to enhance the penalties of the other

> ii. All methods of statutory construction including the Rule of Lenity in criminal cases supports appellant's interpretation of the DW[I] statute and requires reversal

Defendant's arguments on appeal raise issues of law, which we review de novo. State v. Grate, 220 N.J. 317, 329 (2015) (citing State v. Drury, 190 N.J. 197, 209 (2007)) (holding that on appeal legal issues are reviewed "de novo, unconstrained by deference to the decisions of the trial court").

N.J.S.A. 2C:40-26(b) reads: "[i]t shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension in violation of [N.J.S.A.] 39:3-40, if the actor's license was suspended or revoked for a second or subsequent violation of [N.J.S.A.] 39:4-50 or [N.J.S.A. 39:4-50.4a]."

Relying on State v. Ciancaglini, 204 N.J. 597 (2011), defendant argues the reference in N.J.S.A. 2C:40-26(b) to a second

or subsequent violation of N.J.S.A. 39:4-50 or N.J.S.A. 39:4-50.4a means a single conviction under each section of the Motor Vehicle Code does not suffice for prosecution.  We disagree that the opinion supports defendant's interpretation of the statute.

Ciancaglini holds a "[d]efendant's refusal conviction cannot be considered a prior DWI violation for enhancement purposes" when a defendant is being sentenced for a violation of the DWI statute. 204 N.J. at 612.  Ciancaglini focuses only on N.J.S.A. 39:4-50.

In State v. Frye, 217 N.J. 566 (2014), the Court again addressed the interplay between DWI and refusal convictions for sentencing purposes, this time in the context of the refusal statute.  Frye reaffirmed the doctrine established in In re Bergwall, 85 N.J. 382 (1981).  Based on the language of N.J.S.A. 39:4-50.4a, the Bergwall Court had held a prior DWI conviction enhances the sentence for a conviction for refusal.  85 N.J. at 383 (citing In re Bergwall, 173 N.J. Super. 431, 436 (App. Div. 1980) (Lora, P.J.A.D., dissenting)). The defendant in Frye argued: "the Court's decision in Ciancaglini supports the proposition that, for sentencing purposes, the refusal and DWI statutes are separate and distinct" and that as a result a prior DWI could no longer be used to enhance a refusal penalty.  217 N.J. at 573.

Contrary to that defendant's suggestion that Ciancaglini controlled the outcome, in Frye, the Court examined the "plain

language of the refusal statute" and the legislative history of the subsequent amendments, concluding the enactments were all designed to discourage drivers from refusing to submit to alcohol breath testing in order to avoid more serious penalties under the DWI statute. The Court again held that prior DWI convictions must be included as prior convictions when a defendant is sentenced for refusal. Id. at 575-82. A "strong public policy" mandated the continuing viability of Bergwall because of the societal interest in addressing the harm inflicted by drunken drivers. Id. at 582.

The analysis in Ciancaglini and Frye focuses on well-established rules of statutory construction as applied to the particular law under consideration. That methodology informs our discussion.

In interpreting a statute, the primary goal is, as always, "to divine and effectuate the Legislature's intent." State v. Shelley, 205 N.J. 320, 323 (2011) (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)); accord State v. Bass, 224 N.J. 285, 322 (2016) (quoting Shelley, 205 N.J. at 323); State v. Gandhi, 201 N.J. 161, 176 (2010). We consider the enactment's plain language, viewed in the context of the entire legislative scheme that includes it. Bass, 224 N.J. at 322; Drury, 190 N.J. at 209; superceded by statute on other grounds, State v. Livingston, 172 N.J. 209, 217-18 (2002); superceded by statute on other grounds,

State v. Thomas, 166 N.J. 560, 567 (2001).  "Statutory text 'should be given its ordinary meaning and be construed in a common-sense manner.'"  State v. Revie, 220 N.J. 126, 132 (2014) (quoting State in re K.O., 217 N.J. 83, 91 (2014)).

If, however, the language is ambiguous or lends itself to more than one reasonable interpretation, we look beyond the literal language and consider extrinsic factors, such as the statute's purpose, legislative history, and statutory context to determine the legislative intent.  State v. McDonald, 211 N.J. 4, 18 (2012); Gandhi, 201 N.J. at 177, 180-81; Drury, 190 N.J. at 209.

We must strictly construe any reasonable doubt about the meaning of a penal statute in favor of a defendant, applying the rule of lenity.  State v. D.A., 191 N.J. 158, 164 (2007).  The rule of lenity, however, applies only where the statutory language, legislative history, and other secondary sources do not resolve the purported ambiguity.  McDonald, 211 N.J. at 18 (citing State v. Gelman, 195 N.J. 475, 482 (2008)); Drury, 190 N.J. at 209-10.

Defendant also argues the relevant language is ambiguous and triggers the rule of lenity, compelling interpretation of the statute requiring dismissal of his indictment.  Defendant's starting premise on this issue is that a fair reading of State v. Olivero, 221 N.J. 632, 639 (2015), and In re Estate of Fisher, 443 N.J. Super. 180, 190-95 (App. Div. 2015), means the word "or" in

the statute should not be interpreted as "either/or," but as "or" without the "either." He therefore asserts that he should have gained the benefit of the rule and his motion to dismiss the indictment should have been granted.

The statutory language is not ambiguous. Even if it were, the legislative history reveals that DWI and refusal are referred to interchangeably as predicate convictions.

"When N.J.S.A. 2C:40-26 was enacted in 2009, L. 2009, c. 333, § 1, the Senate intended to lodge 'criminal penalties for persons whose [drivers'] licenses are suspended for certain drunk driving offenses and who, while under suspension for those offenses, unlawfully operate a motor vehicle.'" See State v. Luzhak, 445 N.J. Super. 241, 245-46 (App. Div. 2016) (quoting Senate Law and Public Safety and Veterans' Affairs Comm. Statement to S. 2939 (Nov. 23, 2009)). The phrase "certain drunk driving offenses" is not limited to one category of offense. It necessarily refers to more than DWI. Otherwise it would have said the intent of the law was to create "criminal penalties for persons whose [drivers'] licenses are suspended for DWI and who, while under suspension for that offense, unlawfully operate a motor vehicle."

Additionally, the Sponsor's Statement to S. 2939 (June 15, 2009) explained that N.J.S.A. 2C:40-26(b) made it a fourth-degree crime for "a person who is convicted of a second or subsequent

driving while intoxicated or refusal offense" to operate a motor vehicle during a period of license suspension "for that second offense." After the specific mention of DWI and refusal, the language states: "that second offense[,]" effectively referring to both types of offenses interchangeably as possibilities. The legislative intent is therefore clear⸺the word "either" is imported into the use of "or" in this statute. Since the statute is not ambiguous, and the pertinent language does not lend itself to a different reasonable interpretation, the rule of lenity does not apply.

It is noteworthy that the statute, unlike most fourth-degree crimes, imposes a mandatory 180-day jail sentence.[3] That speaks to the legislative purpose of addressing the problem of drunk driving by imposing significant sanctions, tailored to maximize the deterrent impact.

We affirm defendant's conviction and vacate the stay of the sentence.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] N.J.S.A. 2C:44-1(e) creates a general presumption against imprisonment for first offenders convicted of fourth-degree crimes.