NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5726-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEREMIE FABER,

     Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

September 3, 2020

APPELLATE DIVISION

Submitted October 3, 2019 – Decided September 3, 2020

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 17-036.

Reisig Criminal Defense & DWI Law, LLC, attorneys for appellant (Matthew W. Reisig and Luke C. Kurzawa, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief; Kenneth R. Paulus, Jr., Legal Assistant, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Defendant Jeremie Faber was tried and convicted in the Borough of Union Beach Municipal Court for driving while under the influence of alcohol (DWI), N.J.S.A. 39:4-50(a); reckless driving, N.J.S.A. 39:4-96; and failure to maintain lanes, N.J.S.A. 39:4-88(b). The municipal court judge merged the failure to maintain lanes with the reckless driving conviction and sentenced defendant to pay fines and mandatory penalties amounting to $689 and suspended his driving privileges for nine months.[1] Defendant appealed the municipal court conviction and sentence to the Superior Court, Law Division in the Monmouth County Vicinage pursuant to Rule 3:23-8.

The Law Division judge conducted a de novo review of the record developed before the municipal court and again found defendant guilty of these three Title 39 offenses and imposed the same fines and mandatory penalties. However, the Law Division judge found that in determining the length of defendant's driver's license suspension for DWI, the municipal court judge erroneously considered defendant's lack of credibility in his trial testimony as an aggravating factor for sentencing purposes. In this light, the judge reduced the length of defendant's driver's license suspension from nine months to seven

---

[1] As a first time DWI offender, the municipal court had the discretion to suspend defendant's driver's license "for a period of not less than seven months nor more than one year." N.J.S.A. 39:4-50(a)(1)(ii).

months. The judge also granted defendant's application to stay the execution of the sentence, including the suspension of his driving privileges, pending the outcome of his appeal to this court. The State did not object.

In this appeal, defendant argues the Law Division should have vacated his conviction and remanded the matter for a new trial because the municipal court judge's misconduct and bias against defendant tainted the fairness of the proceedings. We reject this argument and affirm. We nevertheless note the Law Division's failure to include certain mandatory provisions in defendant's sentence, rendering it an illegal sentence. We thus remand to the Law Division to resentence defendant in accordance with N.J.S.A. 39:4-50(a)(1)(ii) and N.J.S.A. 39:4-50.17. We also note the Law Division's failure to follow the standards established by our Supreme Court in State v. Robertson, 228 N.J. 138 (2017) when it granted defendant's application to stay the execution of the sentence pending the outcome of this appeal.

The following facts inform our legal analysis. At approximately 12:50 a.m. on December 12, 2016, Borough of Union Beach Police Officer Matthew Gajewski was on patrol on Highway 36 south in a marked police vehicle when he noticed a car "weaving in and out" of the marked traffic lanes. Gajewski decided to stop the car and issue a summons for failure to maintain lane in

violation of N.J.S.A. 39:4-88(b)[2] and to determine whether the driver was under the influence of an intoxicating substance in violation of N.J.S.A. 39:4-50. Defendant, who was the driver of this car, immediately complied with the police officer's instructions and stopped the vehicle by the side of the road. A woman was seated in the front passenger seat of defendant's car.

Gajewski approached the car and asked defendant to produce his driving credentials. As defendant attempted to comply, Gajewski noticed that defendant "slurred his words a little bit" and "his eyes were watery and bloodshot." Gajewski also detected an odor of alcohol emanating from inside defendant's car. The record shows Gajewski did not remember some of the details of his interactions with defendant and needed to review his police report to refresh his

---

[2] N.J.S.A. 39:4-88(b) provides:

> When a roadway has been divided into clearly marked lanes for traffic, drivers of vehicles shall obey the following regulations:
>
> . . . .
>
> A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety.

4

recollection.[3] Defense counsel argued the municipal court judge erred when he allowed the officer to rely on the police report in the course of the trial. The Law Division judge found this approach was proper and permissible under N.J.R.E. 612.

Based on his initial observations, Gajewski asked defendant to perform a series of field sobriety tests. As described by the Law Division judge:

> He sees bloodshot and watery eyes. These are standard things that are in a DWI case. And based on that, and then we get to the tests, the one leg stand test, which I believe he said that Mr. Faber did okay, but he didn't count far enough down as far as how long he was supposed to hold his leg. And then there was the heel to toe which he did not do well. And based on that, he was placed under arrest for [suspicion of] being under the influence.

Based on defendant's inability to properly perform these tests, Gajewski found he had probable cause to charge defendant with DWI, reckless driving, and failure to maintain a lane. Gajewski transported defendant to the Union Beach Police Station where he administered defendant two Alcotests that indicated a blood alcohol content (BAC) reading of 0.13%. In the course of the trial, defense counsel apprised the municipal court judge that "there is a

---

[3] Gajewski testified before the municipal court on August 23, 2017, more than nine months after his encounter with defendant.

A-5726-17T4

specifically [sic] a motion regarding the Alcotest." The Law Division judge held the municipal court correctly rejected this attack on the BAC reading as baseless because it was "without the benefit of an expert report or testimony."

After finding defendant guilty of the three Title 39 offenses, the Law Division judge found the sentence imposed by the municipal court was not supported by a valid aggravating factor. Specifically, the Law Division judge found the municipal court judge repeatedly mentioned defendant's credibility at trial as a basis to support a lengthier period of suspension of defendant's driving privileges. The Law Division judge found particularly problematic: (1) the antagonism reflected in the record between defense counsel and the municipal court judge; and (2) the municipal court judge's comments to defendant, while he was testifying in his own defense at trial, urging him to discuss the possibility of a plea agreement with the prosecutor.

> The way this trial went and there was antagonism clearly between [the municipal court judge] and [defense counsel]. And then the comments that were made to Mr. Faber, he's a defendant, but he should be treated respectfully. And not sort of tried to be pushed into working the case out, saying it doesn't look good. You can't say that during the middle of a motion or a trial.

A-5726-17T4

Based on these improper considerations, the Law Division reduced the length of defendant's suspension of driving privileges from nine months to seven months but left undisturbed the remaining aspects of the sentence.

In this appeal, defendant raises the following argument.

Point I

THE LAW DIVISION ERRED BY NOT REMANDING THE MATTER FOR A NEW TRIAL GIVEN THE APPEARANCE OF BIAS THAT WAS CLEARLY DEMONSTRATED BY THE MUNICIPAL COURT. THE LAW DIVISION, IN ITS DECISION, RECOGNIZED THE IMPROPER ACTIONS OF THE MUNICIPAL COURT BUT DECLINED TO REMAND THE MATTER FOR A NEW TRIAL AS IT SHOULD HAVE.

We reject this argument, affirm the Law Division's judgment finding defendant guilty of all the Title 39 offenses, and remand for the court to amend the sentence it imposed for the DWI conviction in accordance with statutory mandates.

As a threshold matter, we emphasize that this court reviews the decision of the Law Division, not the municipal court. State v. Robertson, 438 N.J. Super. 47, 64 (App. Div. 2014). Our standard of review is well-settled: "[t]he aim of the review at the outset is rather to determine whether the findings made

could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964).

Here, the Law Division judge conducted a thorough de novo review of the record developed before the municipal court and made factual findings in support of defendant's culpability. These findings by the Law Division were not tainted by the questionable conduct exhibited by the municipal court judge. In fact, the Law Division criticized the way the municipal court judge behaved in his interactions with defendant. The de novo assessment of the evidence conducted by the Law Division judge, together with his decision to reduce by two months the period of suspension of defendant's driver's license cured any prejudice caused by the conduct of the municipal court judge. Moreover, the record relied on by the Law Division contains sufficient evidence to support the court's decision finding defendant guilty of DWI, reckless driving, and failure to maintain his lane beyond a reasonable doubt.

Although not raised by the parties, we cannot conclude our analysis without addressing two specific issues related to defendant's sentence. In an order dated June 28, 2018, the Law Division judge provided a detailed description of the sentence he imposed on defendant as a first time DWI offender under N.J.S.A. 39:4-50(a). Missing from this detailed recitation of statutorily

8

mandated sanctions, however, is any reference to either the Intoxicated Driver Resource Center (IDRC) or the ignition interlock device.

With respect to the IDRC, N.J.S.A. 39:4-50(a)(ii) provides, in relevant part:

> [I]f the person's blood alcohol concentration is 0.10% or higher, . . . [he or she shall serve] a period of detainment of not less than 12 hours nor more than 48 hours spent during two consecutive days of not less than six hours each day and served as prescribed by the program requirements of the Intoxicated Driver Resource Centers established under subsection (f) of this section[.]

Furthermore, with respect to the ignition interlock device, N.J.S.A. 39:4-50(a)(1)(ii) also provides, in relevant part:

> [I]n the case of a person whose blood alcohol concentration is 0.10% or higher but less than 0.15%, the person shall forfeit the right to operate a motor vehicle over the highways of this State until the person installs an ignition interlock device in one motor vehicle the person owns, leases, or principally operates, whichever the person most often operates, for the purpose of complying with the provisions of [N.J.S.A. 39:4-50-16 et al.][.] [4]

---

[4] See also N.J.S.A. 39:4-50.17a(1)(b), which provides:

> In sentencing a first offender under subparagraph (ii) of paragraph (1) of subsection (a) of [N.J.S.A.] 39:4-50 whose blood alcohol concentration was 0.10% or higher, but less than 0.15%, the court shall order, in

Both the municipal court and the Law Division failed to adhere to this critically important part of the Legislature's mandatory sentencing scheme for DWI offenders. The Supreme Court has proclaimed that "[t]he primary purpose behind New Jersey's drunk-driving statutes is to curb the senseless havoc and destruction caused by intoxicated drivers." State v. Tischio, 107 N.J. 504, 512 (1987). Mandatory participation in the IDRC and the requirement to install ignition interlock devices in the primary vehicles used by those convicted of DWI with a BAC reading between 0.10% and 0.15% are measures intended to deter those who elect to drive while intoxicated.

A sentence imposed in violation of the applicable law is an illegal sentence. State v. Hyland, 238 N.J. 135, 148 (2019); State v. Acevedo, 205 N.J. 40, 45 (2011). The State has a duty to raise this error before the sentencing court. Furthermore, if the State's measures to address these errors are rejected by the trial court, the State has the right to file a direct appeal to this court. State v. Ciancaglini, 204 N.J. 597, 605 (2011); see also R. 3:21-10(b)(5). A court may

---

addition to any other penalty imposed, the installation of an ignition interlock device in one motor vehicle owned, leased, or principally operated by the offender, whichever the offender most often operates, which shall remain installed for not less than seven months or more than one year.

A-5726-17T4

also correct an illegal sentence on its own motion. <u>State v. Schubert</u>, 212 N.J. 295, 309 (2012). Here, because the State did not act, we must take the initiative.

Unfortunately, we are not finished. We are compelled to address yet another oversight by the Law Division in adhering to the standards established by our Supreme Court. The Law Division judge decided to stay the execution of the sentence, including the suspension of defendant's driving privileges, pending the outcome of this appeal. The judge offered the following reasons in support of this decision: "the record of some of the things that happened on the [m]unicipal [c]ourt level are a little troubling to me." The Law Division judge made this decision more than fifteen months after the Supreme Court decided <u>Robertson</u>, 228 N.J. at 152, in which it unanimously held:

> [i]f a defendant is convicted of DWI by the Law Division, <u>Rule</u> 2:9-4 applies. At this stage, the defendant has the burden to justify a stay of a driver's license suspension pending appeal to the Appellate Division. Courts may grant a stay only if the defendant demonstrates that (1) "it appears that the case involves a substantial question that should be determined" on appeal, (2) the safety of any person or the community "will not be seriously threatened" if defendant's license is not suspended, and (3) "there is no significant risk of defendant's flight." <u>R.</u> 2:9-4.

The Law Division failed to follow the Supreme Court's clear mandate when it granted defendant's application for a stay of sentence pending appeal.

11

Furthermore, the Monmouth County Prosecutor's Office did not object under Robertson at the time the Law Division granted defendant's motion, did not move before this court to remand the matter for the Law Division to apply the standards codified in Rule 2:9-4, nor raise the issue in its brief in this appeal. We thus raise this issue sua sponte "pursuant to our didactic role as an intermediate appellate court." Estate of Yearby v. Middlesex Cty., 453 N.J. Super. 388, 401 n.6 (App. Div. 2018). We expect the Law Division will follow the Supreme Court's mandate in Robertson and apply the standards codified in Rule 2:9-4 when deciding a future application for a stay of execution of a sentence in a DWI case.

We thus affirm the Law Division's order finding defendant guilty of DWI and reckless driving and remand for the court to resentence defendant within thirty days of the date of this opinion in accordance with the mandatory provisions in N.J.S.A. 39:4-50(a)(1)(ii) and N.J.S.A. 39:4-50.17.

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5726-17T4